IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS, #184741, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:03-CV-100-T |
| | ) | WO |
| J. C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Michael Thomas ["Thomas"], a state inmate, on January 24, 2003.[1]  In this petition, Thomas challenges a conviction for attempted murder entered against him by the Circuit Court of Houston County, Alabama on August 17, 2000.  The trial court imposed sentence upon the petitioner for this conviction on September 19, 2000.  By operation of law, the petitioner's attempted murder conviction became final in June of 2001.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year limitation period

---

[1] Although the present petition was stamped "filed" in this court on January 30, 2003, the petitioner signed the *in forma pauperis* affidavit accompanying the petition on January 24, 2003.  A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In the absence of evidence to the contrary, the court assumes that Thomas delivered the petition to prison authorities the day he signed the documents attached to the petition.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court construes January 24, 2003 as the date of filing.

applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  The respondents

contend that because the petitioner's attempted murder conviction became final after the

effective date of the statute of limitations Thomas must have filed his § 2254 petition within

a year of this conviction becoming final, exclusive of the time that any properly filed state

post-conviction petition was pending before the state courts.   The respondents

acknowledge that Thomas filed a petition pursuant to Rule 32 of the Alabama Rules of

Criminal Procedure on December 19, 2001.[3]  However, they maintain that even allowing a

tolling of the limitation period during the pendency of this Rule 32 petition the limitation

period expired prior to Thomas filing his federal habeas petition.  *Respondents' Answer* at

3-4; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121

S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir.

2001).  The respondents therefore argue that the present federal petition for habeas corpus

relief is time-barred.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]Thomas asserts that he placed his Rule 32 petition in the prison mail on December 19, 2001. *See Respondents' Exhibit F* at 11.  As previously noted, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In the absence of evidence to the contrary, this court must assume that the state petition was delivered to prison authorities the day Thomas certified that he undertook such action. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Accordingly, the court construes December 19, 2001 as the date the petitioner filed his Rule 32 petition.

2

In light of the foregoing, the court entered an order advising the petitioner that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1).  *Order of February 28, 2003 (Court Doc. No. 7)*. The order also allowed the petitioner an opportunity to show cause why his petition should not be barred from review by this court.  *Id*. at 4-5.  In response to this order, Thomas asserts that the limitation period should not have begun to run until July 8, 2002 upon his receipt of the certificate of judgment on his Rule 32 petition.  *Petitioner's March 17, 2003 Response - Court Doc. No. 8* at 2.  He further argues that counsel's failure to file an application for rehearing on direct appeal created an impediment to the timely filing of this federal petition.  *Id*.  Neither of these arguments entitles Thomas to relief from application of the one-year period of limitation.  Specifically, in light of the undisputed facts of this case, the statute mandates that the limitation period began to run on the date the attempted murder conviction became final.  Moreover, the failure of counsel to act during the direct appeal process does not establish any impediment to Thomas filing a timely habeas petition in this court.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On August 17, 2000, the Circuit Court of Houston County, Alabama convicted Thomas of attempted murder and subsequently sentenced him as a habitual offender to life imprisonment. Thomas filed a direct appeal of his attempted murder conviction and the Alabama Court of Criminal Appeals affirmed this conviction on May 18, 2001. Thomas did not further appeal his attempted murder conviction and the certificate of judgment was therefore entered on June 5, 2001.[4] Since Thomas failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of this conviction therefore lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme --

---

[4]Where further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

fourteen (14) days from the denial of the motion for rehearing.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).   Thus, the petitioner's attempted murder conviction became final, at the latest, on June 5, 2001 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."   The court finds that the limitation period ran for 196 days after the petitioner's conviction became final until the filing a Rule 32 petition in the Circuit Court of Houston County on December 19, 2001.  This petition remained pending in the state courts until July 2, 2002 upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals affirming the denial of the post-conviction petition.   Thus, as of the aforementioned date, the petitioner had 169 days of the applicable limitation period remaining within which to file a federal habeas petition.   Consequently, the time allowed the petitioner for the filing of a federal habeas petition expired on December 18, 2002.

6

Although the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute when "extraordinary circumstances" are present, *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), Thomas has failed to allege the existence of any circumstances which would warrant an equitable tolling of the one-year period of limitation. Moreover, a thorough review of the record in this case fails to indicate the presence of "extraordinary circumstances" so as to justify an equitable tolling of the limitation period.

Thomas filed the instant petition for federal habeas corpus relief on January 24, 2003. Under the undisputed facts of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on December 18, 2002. The limitation period therefore lapsed over a month prior to Thomas filing his federal habeas petition. The petitioner has failed to show cause why this petition should not be dismissed as untimely filed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Michael Thomas be denied as Thomas failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before May 9, 2005 the parties shall file any objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of April, 2005.


/s/ Susan Russ Walker                        

8

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE