IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
MICHAEL L. THOMAS,             )
                               )
    Petitioner,                )
                               )     CIVIL ACTION NO.
    v.                         )        1:03cv100-T
                               )           (WO)
J.C. GILES, Warden, and        )
WILLIAM H. PRYOR, JR.,         )
                               )
    Respondents.               )
```

ORDER

I.

By judgment entered on May 11, 2005 (Doc. No. 19), the court adopted the magistrate judge's recommendation (to which petitioner had not filed an objection within the time allowed) and denied petitioner's request for habeas relief. On May 17, 2005 (Doc. No. 20), petitioner filed a motion for reconsideration, seeking additional time to respond to the magistrate judge's recommendation. By order entered on May 23, 2005 (Doc. no. 21), the court stated that, before ruling on petitioner's reconsideration and additional-time motion,

it would like to know what objections petitioner intends to file to the magistrate judge's recommendation; the court, therefore, gave petitioner until June 17, 2005, to file with the court his objections to the magistrate judge's recommendation.  On June 9, 2005 (Doc. No. 22), petitioner filed his objections.

II.

The magistrate judge's recommendation determined that the instant § 2254 petition was barred from review as it was not filed within the one-year period of limitation.  In his objections, the petitioner appears to contend that his failure to file the petition arose from his misunderstanding of the tolling provision of the limitation period and the failure of his inmate assistant to provide him adequate assistance during the state and federal proceedings.  Neither of these assertions constitutes extraordinary circumstances so as to warrant an equitable tolling of the

limitation period.  See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).  Such tolling of the limitation period "will not be available in most cases ...; rather, extensions of time will be granted only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Calderon v. United States District Court, 128 F.3d 1283, 1288 (9th Cir. 1997).  Thus, equitable tolling applies in only truly extraordinary circumstances.  Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  Drew, 297 F.3d at 1286.

3

Moreover, neither an inmate's pro se status nor his reliance on alleged inadequate inmate assistance during state collateral proceedings establishes extraordinary circumstances warranting equitable tolling as counsel is not constitutionally required during such proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Garvey v. Vaughn, 993 F.2d 776,780 (11th Cir. 1993); Felder v. Johnson, 204 F.3d 168 (11th Cir. 2000); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Additionally, to the extent that petitioner here alleges his ignorance of the law as a basis for equitable tolling, he is likewise entitled to no relief as this "is not a factor that can warrant equitable tolling." Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997); Marsh, 223 F.3d at 1220 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). The record is therefore devoid of evidence that petitioner's delay in filing his § 2254

4

petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. The reasons set forth by petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." Drew, 297 F.3d at 1291 n.5. Consequently, petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute.

Petitioner also makes the conclusory allegation that this court's failure to address his claims "will be a grave miscarriage of justice."  The miscarriage of justice standard which would preclude application of the limitation period to bar a habeas petition is linked to actual innocence.  "To establish actual innocence, petitioner must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  <u>See</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." <u>Id</u>. at 623-624.  Petitioner has presented no evidence of actual innocence nor suggested that any exists which entitles him to relief from the statute of limitations.

Based on the foregoing, the petitioner's objections are due to be overruled and the motion for reconsideration of order adopting recommendation denied.

Accordingly, it is ORDERED as follows:

(1)  Petitioner Michael L. Thomas's objections (Doc. No. 22) are overruled.

(2)  Petitioner Thomas's motion for reconsideration and for additional time (Doc. No. 20) is denied.

DONE, this 13th day of June, 2005.


  /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**